WILLIAM FELLERS V. SERENA PENROD.

FILED JANUARY 19, 1899.   No. 8602.   .   .

1. **Note: WANT OF CONSIDERATION.** Except as against a *bona fide* purchaser for value before maturity, want of consideration is a good defense to an action on a negotiable promissory note.

2. **Note of Decedent: LIABILITY OF WIDOW.** A widow does not become personally liable upon the note of her deceased husband by making a voluntary partial payment thereon.

3. **Conflicting Evidence: REVIEW.** A verdict rendered upon substantially conflicting evidence will not be disturbed.

. ERROR from the district court of Pawnee county. Tried below before BUSH, J. *Affirmed.*

*E. A. Tucker,* for plaintiff in error.

*John B. Raper* and *H. C. Lindsay, contra.*

SULLIVAN, J.

This action was brought by William Fellers against Serena Penrod in the county court of Pawnee county, and thence appealed to the district court, where, upon a trial to a jury, a verdict was returned and judgment rendered in favor of the defendant. By this proceeding in error Fellers brings the record here for review, alleging various reasons why the judgment should be reversed, but relying mainly on the proposition that the verdict is not supported by sufficient evidence. The purpose of the suit was to recover on two promissory notes executed by the defendant to the plaintiff. The answer alleged a want of consideration and that the notes were given to take up other notes executed by James Dobson, a former husband of the defendant. It appears from the evidence that James Dobson died in 1887, and that at the time of his death he was indebted to the plaintiff upon two promissory notes; that these notes were not filed as claims against the estate of the deceased; that the defendant

voluntarily made small payments upon them; that they were barred by the statute of limitations and could not be enforced as claims against the estate of Mr. Dobson at the time the notes in suit were given. It is perfectly clear that the partial payments made by the defendant upon the old notes would not be alone sufficient to render her liable to Fellers for the payment of the balance due thereon. And it is equally certain that such payments did not operate as an extension of the time for filing the notes as claims against the Dobson estate. Indeed, it seems to have been well understood by both parties that the old notes were not collectible out of the estate of the maker at the time the new notes were given. But it is contended that the plaintiff refrained from pursuing his remedy against the estate, in the county court, in consideration of the defendant's promise that if he would so refrain, she would herself assume the indebtedness and pay it. Defendant expressly denies that any such agreement was ever made, and thus is raised the only material issue of fact in the case. This issue was submitted to the jury upon conflicting evidence, and the jury having spoken the controversy is ended. The judgment is

AFFIRMED.